Dear Mr. Lancaster:
You have requested an opinion of the Attorney General regarding the salaries of members of the Tensas Parish Police Jury. You specifically ask whether it is permissible for members of the police jury to vote differing amounts of compensation for themselves. Apparently, one juror wishes to be paid the maximum compensation allowed by law, while the remaining jurors desire a lower amount of compensation.
LSA-R.S. 33:1233 authorizes jurors' compensation, and provides in pertinent part:
 "(2)(a) Members of the police juries are authorized to receive compensation not to exceed fifty dollars per day and the same mileage allowance as provided to state elected officials going to and from the courthouses in their respective parishes for every day they are actually employed in the service of the parish and for travel outside of the parish on parish business. Mileage shall be charged for each day of attendance at each session of the police jury to be paid out of funds of the several parishes on the warrant of the president, provided however, that if a juror has use of a parish owned vehicle for the conduct of official business, the mileage compensation shall not be paid.
 (b)(i) Police jurors shall not be paid for more than one hundred forty-four days in any one year.
 (ii) No police jurors shall be compensated for more than twelve meetings per month; or, in lieu of such per diem, the police jury may elect, by a vote of a majority of the elected members, to go on a salary basis, in which event the maximum salary allowable shall be eight hundred fifty-six dollars per month for each member of the police jury and nine hundred sixty-three dollars per month for the police jury president." (Emphasis added.)
As can be gleaned from the above language, members of the police jury are "authorized" to receive a maximum of $856.00 per month — $963.00 for the police jury president. This office, in interpreting very similar language, opined that, while the statute "authorized" a maximum salary, it does not mandate or require that police jurors receive the maximum amount of compensation. In Attorney General Opinion No. 76-418, the author concludes:
 "It is therefore the opinion of this office that a police juror may elect to receive compensation in an amount less than that paid to other members of the same police jury. It is our further opinion that the police juror who desires a decrease in compensation should make a motion to that effect in a police jury meeting. This would protect the police jury from future claims by the police juror that he is entitled to back compensation because he received a salary less than that received by his fellow police jurors."
We reaffirm Opinion No. 76-418, and conclude that the law does not prohibit payment of the maximum salary to one police juror and a lesser salary amount to the remaining jurors. In adopting the salary schedule ordinance, the police jury must adhere to the requirements in LSA-R.S. 33:1233(A)(1) that an ordinance be passed by a majority of the jurors at an open public meeting which has been properly advertised.
You next ask whether the increased compensation to be paid the one juror may be retroactive to the beginning of the year. It is our understanding that all jurors have received the same salary, to date. While we find no prohibition for the increase in salary for one juror, Article VII, Section 14 of the 1974 Louisiana Constitution prohibits a retroactive application of same.
Trusting our opinion will be of some assistance to you, I am,
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III:lbw-0064R